DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Steven J. Koerber has appealed from an order of the Summit County Common Pleas Court granting summary judgment in favor of Appellees Cuyahoga Falls General Hospital, David C. Kazmierski, D.O., Thomas W. Wehmann, D.O., Curtis Green, D.O., and Michael S. Cline, D.O. This Court affirms.
 I.
Appellant Steven J. Koerber (Koerber), as Administrator of the Estate of his late brother, filed a survivorship action for medical malpractice and wrongful death based upon the death of Robert A. Koerber (decedent), which occurred on January 26, 1997. In his complaint, Koerber asserted that Appellees negligently provided medical care to decedent, resulting in decedent's death.
On September 4, 1995, decedent presented to the emergency room of Cuyahoga Falls General Hospital with abdominal pain and gastrointestinal bleeding. On September 8, 1995, Drs. Wehmann and Green performed a partial esophagogastrectomy and a reversal of a Nissan fundoplication from a prior surgery. Drs. Cline and Kazmierski are gastroenterologists who began treating decedent during July 1990, and provided ongoing care to decedent until 1996.
During September 1996, decedent sought additional medical treatment from the Cleveland Clinic Foundation for his abdominal pain and gastrointestinal disorders. Decedent's treatment from the Cleveland Clinic culminated in abdominal surgery on January 15, 1997, consisting of a complete esophagectomy, ascending colon interposition, and an ileotraverse colostomy. Decedent died on January 26, 1997, from multi-system organ failure, sepsis, and ischemic bowel.
During February 1997, within one month of decedent's death and subsequent autopsy, Koerber sought the advice of counsel because he was concerned that something was amiss with the medical care that decedent had received. On September 10, 1998, Koerber's counsel received a telephone call from Koerber's retained expert, Dr. Mark J. Botham, in which Dr. Botham expressed his opinion that the death of decedent was the result of medical malpractice by Appellees, and not the Cleveland Clinic. Koerber filed the present action on February 10, 1999.[1]
The trial court granted summary judgment in favor of Appellees. The basis for the trial court's decision was Koerber's failure to timely file his action within the statutes of limitations applicable to medical malpractice and wrongful death claims. Koerber timely appealed, asserting one assignment of error.
 II. Assignment of Error That the trial court erred in granting [Appellees'] motion for summary judgment.
In his sole assignment of error, Koerber has argued that the trial court erred in determining that the statutes of limitations pertaining to medical malpractice and wrongful death actions had expired prior to the filing of his complaint. Specifically, Koerber has maintained that the trial court incorrectly held that both limitations periods commenced running upon the death of decedent, January 26, 1997, rather than upon the receipt of Dr. Botham's telephone call on September 10, 1998. Appellees have responded, arguing that the trial court properly determined that the limitations periods began running on the date of decedent's death, and that their respective expirations barred Koerber's action filed February 10, 1999, as a matter of law.
 Summary Judgment Standard
In reviewing a trial court's disposition of a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there existed any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829, appeal not allowed (1990), 55 Ohio St.3d 706. The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to those parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293-294; Vahila v. Hall (1997),77 Ohio St.3d 421, 429. Then, and only then, there is a reciprocal burden on the nonmoving party to respond by showing that there is a genuine issue of material fact to be tried. Dresher, 75 Ohio St.3d at 294;Vahila, 77 Ohio St.3d at 430.
 Medical Malpractice Statute of Limitations
The statute of limitations for a medical malpractice claim in Ohio is set forth at R.C. 2305.11(B)(1). That section provides: "[A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrues[.]" The Ohio Supreme Court has stated that the cause of action in a medical malpractice claim accrues upon the latter of (1) the termination of the physician-patient relationship, or (2) the discovery by the patient, or point when, in the exercise of reasonable care and diligence, the patient should have discovered, the resulting injury.Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, syllabus and Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus. There is no dispute that this case involves application of the "discovery rule," as the discontinuation of the physician-patient relationship preceded the discovery of the injury.
In Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, the Ohio Supreme Court clarified the date of accrual of medical malpractice causes of action pursuant to discovery of the injury by the patient:
 [T]he trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition.
Id. at syllabus.
The Ohio Supreme Court in Allenius v. Thomas (1989), 42 Ohio St.3d 131, further held that the patient's awareness of the "extent and seriousness of his condition" must be ascertained by reference to a "cognizable event." Id. at syllabus. Such a "cognizable event" is an occurrence
 which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies.
Id.
Identification of such a cognizable event, in turn, "imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus. Thus, once a patient becomes aware of an injury, it is incumbent on that individual to investigate his or her case completely.
In this case, decedent died on January 26, 1997. An autopsy report produced that same day identified decedent's cause of death as complications of the abdominal conditions for which Appellees had treated decedent. Moreover, Koerber contacted an attorney in February 1997 — less than one month after decedent's death — because he was concerned about the quality of care decedent received. Nonetheless, Koerber asserts that there was no cognizable event triggering his duty to investigate possible claims related to decedent's death until a telephone call on September 10, 1998, from Koerber's retained medical expert.
In support of his position, Koerber points to Christian v. McDonald
(July 26, 2000), Lorain App. No. 98CA007240, unreported, appeal not allowed (2000), 90 Ohio St.3d 1473, and Moss v. Progressive Orthopedics,Inc. (August 16, 2000), Summit App. No. 19776, unreported. In bothChristian and Moss, this Court held that the cognizable event did not occur until the respective patients obtained second medical opinions, indicating potential bases for malpractice actions. In both of these cases, however, the defendant physicians continued to treat the patients and to assure them that their pain and disorders were normal post-operative complications that eventually would subside. In holding that the limitations period began to run only when the treating physician's potential malpractice and subsequent cover-up were exposed by another doctor's opinion, this Court preserved the trust fundamental to the physician-patient relationship: "In Ohio a patient may trust the advice of their physician without having their subsequent legal remedies prejudiced[.]" Christian, at 5.
In this case, however, Koerber has not alleged that such misrepresentations were made either to himself or to decedent. Koerber's reliance on Moss and Christian is therefore misplaced. January 26, 1997, the date of decedent's death and production of an autopsy report, marks the cognizable event that triggered Koerber's duty to investigate potential causes of action for malpractice. Pursuant to R.C. 2305.11(B)(1), therefore, Koerber had until January 27, 1998, to file his complaint. Koerber's filing on February 10, 1999, was therefore untimely, and is barred as a matter of law.
 Wrongful Death Statute of Limitations
The statute of limitations for a wrongful death claim in Ohio is set forth at R.C. Section 2125.02(D): "An action for wrongful death shall be commenced within two years after the decedent's death." The Ohio Supreme Court has extended the discovery rule to the accrual of causes of action for wrongful death. Collins v. Sotka (1998), 81 Ohio St.3d 506, 511. The Court in Collins went on to hold that where a wrongful death action stemsfrom a murder,
 the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder.
Id. at paragraph two of the syllabus.
As there is no murder at issue in this case, this Court applies the same discovery rule analysis applicable to medical malpractice prescribed by Hershberger, Allenius, and Flowers. Accordingly, the commencement of the limitations period for medical malpractice actions turns on the occurrence of a cognizable event which does or should (1) inform the patient that his condition is related to medical treatment, and (2) put the patient on notice of the need to pursue possible remedies. SeeAllenius v. Thomas (1989), 42 Ohio St.3d 131, syllabus. Such a cognizable event gives rise to the patient's duty to investigate potential bases for a malpractice action, and to identify the parties potentially responsible therefor. See Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus.
As set forth above, the cognizable event for purposes of the discovery rule was decedent's death on January 26, 1997. Pursuant to R.C. Section2125.02(D), Koerber's cause of action became barred on January 27, 1999. Koerber's complaint, filed on February 10, 1999, was therefore untimely, and his cause of action is barred as a matter of law.
 III.
Koerber's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., SLABY, J. CONCUR.
[1] Koerber's original complaint was filed on February 10, 1999, but was voluntarily dismissed on November 17, 2000. Koerber re-filed the action on December 15, 2000. Even if R.C. 2305.19 applies to Koerber's voluntary dismissal to cause the date for filing the re-filed action to relate back to the date the preceding action was filed, the February 10, 1999 date of filing is still untimely. See Frysinger v. Leech (1987),32 Ohio St.3d 38, 42.