KECO INDUSTRIES, INC., APPELLANT, *v.* DISTRICT LODGE NO. 34, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, AFL-CIO; INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, AFL-CIO, APPELLEE.

(No. C-84003—Decided December 5, 1984.)

*Paul R. Moran* and *Stephen S. Holmes,* for appellant.

*Bernard C. Fox,* for appellee.

*Per Curiam.* This cause came on to

be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This timely appeal results from the trial court's granting of appellee's motion for summary judgment pursuant to Civ. R. 56(B).

The record reflects that appellant and defendant-appellee, International Association of Machinists and Aerospace Workers, AFL-CIO (hereinafter "International"), in concert with defendant District Lodge No. 34, International Association of Machinists and Aerospace Workers, AFL-CIO (hereinafter "Local"), were engaged in protracted labor-management disagreements and disputes commencing with union organizing efforts on September 29, 1980 and culminating in an economic strike by appellant's employees on September 24, 1981. The strike, which lasted for a period of six weeks, was attended by violence. During the strike period, appellant employed security guard services, to protect its plant and employees, at a cost in excess of $100,000. In the matter *sub judice*, appellant initiated suit sounding in tort to recover the security services fees against both the "International" and "Local" unions. Appellant's single assignment of error alleges the trial court erred in granting summary judgment for appellee.

The basic inquiry in our review is whether, from the state of the record, the trial court's granting of summary judgment can be sustained. In reviewing a summary judgment, the inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled. * * *" *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433 [21 O.O.3d 267]. See, also, *Poller* v. *Columbia Broadcasting System, Inc.* (1962), 368 U.S. 464; *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150 [66 O.O.3d 311]. The reviewing court must follow the standard set forth in Civ. R. 56(C), which "specifically provides that before summary judgment may be granted, it must be determined that * * *:

"(1) No genuine issue as to any material fact remains to be litigated; * * *

"(2) [T]he moving party is entitled to judgment as a matter of law; and * * *

"(3) [I]t appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327 [4 O.O.3d 466].

Appellant argues that there exists a genuine issue of material fact as to whether the "International" initiated, participated in or ratified the violent and lawless strike activity which took place at appellant's plant. The record contains documents from the "International" as well as the "Local" to union members in the form of letters and handbills distributed during the period of the initial organizational efforts and the contract negotiations which lead to the strike. We determine that it is arguable that these documents are of such inflammatory and vilifying nature as to incite appellee's members to violence. Therefore, a genuine issue of material fact exists as to appellee's responsibility for events occurring on the picket line which may have ensued from the literature distributed by appellee, whether or not such events were intended by or made known to appellee. The trial court erred in granting appellee's motion for summary judgment as there is a genuine issue of material fact as to whether or not appellee initiated, participated in or ratified the violent strike activity. See

*North American Aviation, Inc.* v. *United Automobile, Aircraft & Agricultural Implement Workers of America* (App. 1954), 69 Ohio Law Abs. 242 (concurring opinion).[1] The trial court apparently agreed with our rationale as applied to the "Local" as he *denied* the Local's motion for summary judgment. We discern no abuse of discretion in the trial court's acceptance of the inartfully drawn affidavit accompanying the appellant's memorandum in opposition to defendant's and defendant-appellee's motions for summary judgment, but we are puzzled by the inconsistency of the rulings on the motions, as the evidence underpinning the rulings was the same as applied to both the "International" and the "Local." The trial court's judgment entry fails to disclose any reason for the inconsistency and we cannot perceive any rationale for such result. Appellant's assignment of error is well-taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this decision.

*Judgment reversed and cause remanded.*

KEEFE, P.J., BLACK and DOAN, JJ., concur.

---

[1] The record reveals that the parties argued extensively in the trial court concerning the standard by which a union can be held liable for the violent activity of striking employees. For the purposes of this appeal we apply the standard set forth in Judge Fess' concurring opinion in *North American Aviation, Inc.* v. *United Automobile, Aircraft & Agricultural Implement Workers of America, supra,* at 252-255, which standard was urged in the trial court by appellee and argued for purposes of this appeal by appellant.