OPINION
{¶ 1} Nina Long is appealing the judgment of the Common Pleas Court of Montgomery County, which granted summary judgment in favor of Kettering Medical Center and Sycamore Hospital.
 {¶ 2} On April 29, 1999, Long had a mammogram performed at Sycamore Hospital at the request of her family doctor. Long, who had never had a mammogram, informed the technician that she had had implants inserted into her breasts. The purpose of a mammogram is to locate lumps and lesions in the breast tissue that may be cancerous. Breast implants make it difficult for the mammogram to properly see the breast tissue. Therefore, the technician who was conducting the mammogram manipulated Long's breasts in order to move the implants out of the way so the proper film could be taken. Subsequent to the exam, Long began to suffer pain, and she continues to experience pain. She also was immediately aware that her breasts were disfigured. She stated in her deposition that she had been aware within days that the pain was due to the manipulation that had occurred during the mammogram. However, she stated that she had not realized that the pain and disfigurement would be permanent.
 {¶ 3} After the mammogram, Long did not seek medical attention for the pain or disfigurement. Moreover, Long never informed Sycamore Hospital about the incident.
 {¶ 4} On April 25, 2001, Long and her husband filed suit against the Hospital alleging medical malpractice and negligent supervision and/or training arising out of the mammogram performed on April 29, 1999. On October 26, 2001, the Hospital filed a motion for summary judgment contending that Long's claims were barred by the statute of limitations because the claims were "medical claims" that had been filed more than one year after Long had become aware of the allegations raised in the complaint. On March 27, 2002, the trial court granted in part and denied in part the Hospital's motion. The trial court determined that Long's claims based on medical negligence were barred by the statute of limitations because the pain and difference in appearance of her breasts were facts that should have alerted her that an improper medical procedure may have occurred. Therefore, the one-year statute of limitations was triggered as to those claims.
 {¶ 5} However, the trial court further stated that Long's separate claims based on negligent supervision and/or training were governed by the two-year statute of limitations found in R.C. 2305.10 and were not barred by the statute of limitations. Thus, the trial court granted summary judgment to the Hospital on Long's medical negligence claims but not as to her claims stemming from negligent supervision and/or training. Long has filed this appeal of the trial court's grant of summary judgment.
 {¶ 6} Long raises the following assignment of error:
 {¶ 7} "Defendant/Appellees are not entitled to summary judgment as there is a genuine issue of material fact as to whether a cognizable [event] occurred when a Plaintiff/Appellant only experiences pain and some disfigurement after a mammogram."
 {¶ 8} Long argues that the issue of whether a cognizable event occurred triggering the statute of limitations is a genuine issue of material fact that should have remained for the jury. We disagree.
 {¶ 9} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997-Ohio-221; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 10} Additionally, an appellate court must construe the evidence in favor of the non-moving party when reviewing a trial court's grant of summary judgment. Keco Industries, Inc. v. District Lodge No. 34, (1985)18 Ohio App.3d 84, 85; Petrey v. Simon (1985), 19 Ohio App.2d 285, 287.
 {¶ 11} R.C. 2305.11(B)(1) provides in pertinent part, "an action upon medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." The Ohio Supreme Court has stated:
 {¶ 12} "[A] cause of action for medical malpractice accrues and the one year statute of limitation commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later."Frysinger v. Leech (1987), 32 Ohio St.3d 38, 41-42.
 {¶ 13} A "cognizable event" that triggers the running of the one-year statute has been defined as "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Allenius v. Thomas
(1989), 42 Ohio St.3d 131, 134. Additionally, a cognizable event has been described as "the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received." Flowers v. Walker
(1992), 63 Ohio St.3d 546, 549. Although a plaintiff may not know all the relevant facts or their legal significance to file a claim, the statute of limitations starts if the plaintiff has acquired either actual or constructive knowledge of the facts. Pratt v. Wilson Mem. Hosp. (June 30, 2000), Montgomery App. No. 18030; Kaplun v. Brenner (March 3, 2000), Montgomery App. No. 17791.
 {¶ 14} Long asserts that the trial court erred in granting summary judgment because a genuine issue of material fact remained in determining whether the facts surrounding the mammogram amounted to a cognizable event triggering the statute of limitations. The trial court examined the evidence and determined that the pain and disfigurement in the days immediately following the mammogram amounted to a cognizable event. Long's deposition testimony established that she had felt pain and had noticed a disfigurement in her breast immediately after the mammogram. Long further stated in her deposition that she had known the pain and physical difference were due to the mammogram. Yet, Long waited until April 25, 2001 to file her complaint. Long had actual knowledge of the fact that she had pain and disfigurement in the days following the mammogram, and she knew that this was as a result of the mammogram.
 {¶ 15} Although Long asserted that she had not been aware that the pain and disfigurement would be permanent, this does not prevent the facts from amounting to a cognizable event. Long knew of the connection between the mammogram and the pain and disfigurement she experienced within days of the mammogram; thus, she had constructive knowledge. The mere fact that she may not have known the extent of the damage or have discovered all of the relevant facts does not avoid triggering the statute of limitations.
 {¶ 16} Having reviewed the evidence, we cannot say that a genuine issue of material fact existed as to whether a cognizable event occurred prior to one year before Long filed her claim. The trial court properly granted summary judgment. Long's assignment of error is without merit and is overruled.
 {¶ 17} The judgment of the trial court is affirmed.
BROGAN, J. and WOLFF, J., concur.