ALLENIUS, APPELLEE, *v.* THOMAS ET AL., APPELLANTS.

[Cite as Allenius *v.* Thomas (1989), 42 Ohio St. 3d 131.]

(No. 87-1558—Submitted January 10, 1989—Decided May 10, 1989.)

132

*Michael F. Colley Co., L.P.A., Michael F. Colley* and *David W. Sumner,* for appellee.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Daniel J. White, Janis L. Small* and *Robert C. Seibel,* for appellants.

DOUGLAS, J. The narrow issue presented here is the determination of whether appellee's alleged medical malpractice cause of action against Dr. Thomas and Dr. Barnes was timely filed pursuant to R.C. 2305.11(A).[1]

R.C. 2305.11(A), in effect at the time of the commencement of the action, provided in pertinent part that:

"An action for * * * malpractice against a physician * * * shall be brought within *one year after the cause thereof accrued* * * *.

"* * *

"If a written notice, prior to the

---

[1] This court has found the four-year statute of repose set forth in R.C. 2305.11(B) unconstitutional in *Mominee* v. *Scherbarth* (1986), 28 Ohio St. 3d 270, 28 OBR 346, 503 N.E. 2d 717; *Hardy* v. *VerMeulen* (1987), 32 Ohio St. 3d 45, 512 N.E. 2d 626; and *Gaines* v. *Preterm-Cleveland, Inc.* (1987), 33 Ohio St. 3d 54, 514 N.E. 2d 709.

expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within *one hundred eighty days* after that notice is given." (Emphasis added.)

This court in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, in paragraph one of the syllabus, stated: "Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. * * *"

In *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, paragraph one of the syllabus, we established a three-prong test for determining the accrual date of "resulting injury" when applying the statute of limitations under R.C. 2305.11(A). In *Hershberger,* we held:

"* * * [T]he trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition. * * *" (Citations omitted.)

We recognize that this court had not yet decided *Hershberger* when the case at bar was decided by the trial court and the court of appeals. Thus, this case presents this court with an opportunity to apply and further interpret *Hershberger.*

Both sides in this action have asked us to further explain the meaning of "extent and seriousness of his condition" found in the first prong of *Hershberger.* Furthermore, various courts of appeals in this state have been wrestling with, or have dealt with, a possible definition, *e.g., Brosse* v. *Cumming* (Aug. 4, 1988), Cuyahoga App. No. 54165, unreported; *Mikhail* v. *Lewandowski* (July 15, 1988), Lucas App. No. L-87-347, unreported; *Marrelli* v. *Donich* (June 16, 1988), Cuyahoga App. No. 54069, unreported; *Glinatsis* v. *Melby* (June 15, 1988), Summit App. No. 13417, unreported.

Admittedly, "extent and seriousness" are not terms of art and, therefore, do not lend themselves to easily discernible definitions. Since the three prongs of *Hershberger* overlap considerably, we believe that the best manner in which to explain "extent and seriousness of his condition" is to combine the three prongs. Thus, we now hold that the "extent and seriousness of his condition" language of the test set forth in *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, paragraph one of the syllabus, requires that there be an occurrence of a "cognizable event" which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies.

Moreover, we do not believe that a patient must be aware of the *full* extent of the injury before there is a

cognizable event. It is enough that some noteworthy event, the "cognizable event,"[2] has occurred which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place.

If a patient believes, because of harm she has suffered, that her treating medical professional has done something wrong, such a fact is sufficient to alert a plaintiff " '* * * to the necessity for investigation and pursuit of her remedies. * * *' " *Graham* v. *Hansen* (1982), 128 Cal. App. 3d 965, 973, 180 Cal. Rptr. 604, 609.

Under the circumstances of the case before us, it could be argued that appellee was on notice of appellants' alleged negligence from a Pap smear taken on October 12, 1982. This Pap smear was found to contain Class III cells. However, since a Class III Pap smear gives an inconclusive result of the existence of cancer, we hold that the October 12, 1982 Pap smear was not a "cognizable event" because it would not have alerted appellee that Dr. Barnes and Dr. Thomas had improperly diagnosed her if, in fact, any misdiagnosis did occur.

Rather, we find that the "cognizable event" was when appellee learned she had invasive cancer on November 5, 1982. This knowledge that her cancer had become more extensive after she had cancer *in situ,* did or should have led appellee to believe that the follow-up treatment of Dr. Barnes and Dr. Thomas, which only consisted of taking Pap smears, was negligently rendered. The diagnosis of invasive cancer did or should have put appellee on notice to pursue her possible

remedies against Dr. Barnes and Dr. Thomas.

Thus, the application of the *Hershberger* three-prong test to this case mandates that the accrual date of appellee's action in malpractice against both Dr. Barnes and Dr. Thomas was November 5, 1982. Pursuant to R.C. 2305.11(A), appellee should have brought the medical malpractice action or sent a letter of notification to both Dr. Thomas and Dr. Barnes by November 5, 1983.

While appellee sent a letter of notification to Dr. Thomas on September 29, 1983, which was within the one-year statute of limitations, appellee did not notify Dr. Barnes until June 27, 1984 that appellee also considered that he was at fault. This latter notification was not within the one-year statute of limitations.

Thus, we reverse the judgment of the court of appeals with regard to Dr. Barnes and reinstate the trial court's decision granting him summary judgment. The court of appeals' decision denying Dr. Thomas summary judgment is affirmed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., concurs in part and dissents in part.

MOYER, C.J., concurring. The majority opinion defines a new ele-

---

[2] We recognize that the term "cognizable event" will be criticized as a malleable term. This is understandable, but unfortunate. By their very nature such terms are difficult to specifically define.

ment, the cognizable event, to be used by trial courts in determining when the statute of limitations for a medical malpractice action begins to run. The new element is helpful in our continuing effort to give clear direction to the bench and bar on this issue. The primary reason for my concurrence in the majority opinion is the citation to *Graham* v. *Hansen* (1982), 128 Cal. App. 3d 965, 180 Cal. Rptr. 604, which gives further clarification by stating that, in determining when the statute of limitations is triggered, " '[t]he test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation.' " *Graham, supra,* at 972, 180 Cal. Rptr. at 609 (quoting *McGee* v. *Weinberg* [1979], 97 Cal. App. 3d 798, 803, 159 Cal. Rptr. 86, 89-90). As indicated by the majority, it is a cognizable event such as the occurrence of pain or injury "* * * rather than knowledge of its legal significance that starts the running of the statute of limitations." *McGee* v. *Weinberg, supra,* at 804, 159 Cal. Rptr. at 90.

With respect to Dr. Thomas, a "cognizable event," as defined in the majority opinion, occurred on March 28, 1980 when plaintiff returned to Dr. Thomas following Dr. Barnes' explanation to her on March 7, 1980 that the pathology report indicated she had cancer *in situ.* She took no action against Dr. Thomas for his alleged 1975 malpractice as the result of the March 7, 1980 diagnosis but did file her action against Dr. Thomas within the statute upon the occurrence of a second cognizable event on or after November 5, 1982 when the diagnosis of the invasive carcinoma of the cervix was made. She could allege that the repeat Pap smear performed by Dr. Thomas on May 28, 1980, which

showed Class I normal cells, had been negligently performed.

For the foregoing reasons, I concur in the majority opinion.

WRIGHT, J., concurs in the foregoing opinion.

HOLMES, J., concurring. I join in the majority for two important reasons, the first being that the syllabus language here does not merely encompass, but strengthens, the law set forth in *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204. As noted in the concurrence of Chief Justice Moyer, the added element of a "cognizable event" to the criteria enunciated in *Hershberger* should give additional direction to the trial courts of Ohio, as well as to practitioners in this field.

Second, also as noted by the Chief Justice, the majority opinion relies to a great extent upon the California cases of *Graham* v. *Hansen* (1982), 128 Cal. App. 3d 965, 180 Cal. Rptr. 604, and *McGee* v. *Weinberg* (1979), 97 Cal. App. 3d 798, 159 Cal. Rptr. 86, in quoting the verbiage that such a cognizable event involves pain or some other physical indicium, rather than knowledge of the legal significance of such pain, which would trigger the running of the statute of limitations. This is all in keeping with the intent and purpose of the law set forth in *Hershberger,* wherein we noted that "[l]egal theories are ordinarily not within the province of the average layman. * * * It is therefore the knowledge * * * of *facts,* not legal theories, which initiates the running of the one-year statute of limitations." *Id.* at 5, 516 N.E. 2d at 207.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. I concur in the decision of the majority to remand the case as to Dr. Thomas

but for different reasons. However, I dissent from the majority's holding as to Dr. Barnes, in that I would also remand the case of Dr. Barnes to the trial court for the following reasons.

*Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, was not decided by this court when the trial court granted summary judgment in favor of the defendants and when the appellate court reversed that judgment. Hence, neither of those courts had the opportunity to apply the *Hershberger* test to the facts of this case. In *Hershberger, supra,* this court stated:

"* * * [I]n a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under R.C. 2305.11(A), *the trial court* must look to the *facts of the particular case* and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition, which, of course, may occur without the necessity of further medical consultation; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." (Emphasis added.) *Id.* at 5-6, 516 N.E. 2d at 208.

Thus, from the foregoing it is apparent that it is the trial court that should be applying the *Hershberger* test to the facts of the case and not this court. This case should be remanded to the trial court to give the parties and that court an opportunity to consider this case in light of *Hershberger*.

The reason for this is twofold. First, the trial court is in a better position to have all of the facts before it in order to apply the *Hershberger* test; second, this court today in applying the *Hershberger* test to this case has added additional matters in an attempt to clarify the original test. While such clarification may be helpful in some way, however, it tends to confuse the original *Hershberger* test leaving Ohio's trial and appellate courts in a state of additional confusion. Therefore, I believe that the better procedure would be to remand this case to the trial court to be decided under the proper test set forth in *Hershberger*.