MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiff-appellant, John P. Wiley, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, the Good Samaritan Hospital and S. Nayebi, M.D.[1] For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.
The record indicates that, in 1971, Wiley was severely injured when a horse fell on him and crushed the bones in his left leg. At the time of the injury, Wiley was thirteen years old. He received treatment at Good Samaritan for the injury.
As Wiley grew older, his left leg began to bow and was noticeably shorter than his right leg. He began to walk with a noticeable limp. Wiley was aware of the deformity at the time he reached the age of majority, in 1975. He stated that he believed the deformity to be the result of the injury he had received when the horse fell on him.
Sometime before he was twenty-three years old, Wiley suffered a fracture of his right foot. The doctor who treated that injury asked Wiley how he had injured his left leg but commented no further on the leg.
Wiley subsequently visited a chiropractor for back pain. The chiropractor informed Wiley that his back pain was caused by his left leg being shorter than the right. The chiropractor asked Wiley about the injury to his left leg but again did not comment further about its condition.
Then, in November 1995, Wiley visited Dr. Stark, an orthopedic specialist, because of pain in his left knee. Dr. Starks performed x-rays of the left leg and informed Wiley that the deformity in his left leg had been caused by the improper placement of a pin in one of the bones of the leg.
In October 1996, Wiley filed a medical malpractice action against Good Samaritan. Good Samaritan filed a motion for summary judgment on the basis that the applicable statute of limitations had expired. The trial court granted the motion for summary judgment, and this appeal followed.
In his sole assignment of error, Wiley contends that the trial court erred in granting summary judgment on the basis of the statute of limitations. We agree.
We first note that the parties agree that the applicable statute of limitations is the one-year period prescribed by R.C.2305.11(A). They also agree that the limitations period could not begin to run until Wiley reached the age of majority in 1975. The sole issue upon appeal, then, is the date upon which Wiley discovered or should have discovered the alleged malpractice.
In 1983, the Supreme Court of Ohio adopted the "discovery rule" for medical malpractice actions.[2] Under this rule, a cause of action for medical malpractice accrues "when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury."[3] InAllenius v. Thomas,[4] the court clarified the rule, holding that the limitations period begins to run upon the occurrence of a "cognizable event," which was defined by the court as that "which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient * * *."[5] The Allenius court further stated that "the cognizable event does or should put the patient on notice of the need to pursue his possible remedies."[6]
In the case at bar, the trial court held that Wiley's visits to the physician for his broken right foot and to the chiropractor for back pain constituted cognizable events triggering the running of the statute. We disagree.
As is evident from the holding in Allenius, the cognizable event must place the patient on notice not merely that he has been injured, but that the injury was caused by a medical procedure or diagnosis. The record reveals nothing in the visits to the physician or the chiropractor that would have placed Wiley on notice that the deformity in his left leg was the result of a medical procedure. Though Wiley discussed the injury to his left leg with these professionals, it appears that neither the physician nor the chiropractor said anything to disabuse Wiley of the reasonable belief that the problem with his left leg was caused by the injury itself, as opposed to the treatment for the injury. Thus, we hold that these discussions could not have constituted cognizable events within the meaning of Allenius.
Good Samaritan also posits that Wiley's attainment of the age of majority was a cognizable event triggering the running of the statute. It argues that the deformity of the left leg had become apparent at the time Wiley reached the age of eighteen and that he was therefore put on notice of the possibility that malpractice had occurred. We find no merit in this argument. Once again, the patient's awareness that there is an injury is not the focus of the inquiry concerning a cognizable event. Rather, the proper inquiry is when the patient is put on notice that the injury is related to a medical procedure or diagnosis. In the case at bar, the mere attainment of the age of majority simply did not put Wiley on notice that his problems were related to treatment received at Good Samaritan.
We agree with Wiley that the cognizable event in the case at bar was his visit to Dr. Stark. Only after having the benefit of the x-rays performed by Dr. Stark was Wiley put on notice that the deformity in this left leg might have been related to prior treatment rather than simply to the injury from the horse. Thus, we hold that Wiley's action was filed within the period set forth in R.C. 2305.11(A) and that the granting of summary judgment was improvident.
Though we recognize that it may be burdensome for Good Samaritan to defend a suit arising out of incidents that occurred approximately twenty-eight years ago, such a result is compelled under the specific circumstances presented in this record. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the foregoing.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
 Hildebrandt, P.J., Shannon and Painter, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________.
Presiding Judge
[1] Dr. Nayebi's first name does not appear in the record. We refer to the appellees collectively as "Good Samaritan."
[2] Oliver v. Kaiser Community Health Foundation (1983), 5 Ohio St.3d 111,449 N.E.2d 438.
[3] Id., syllabus.
[4] (1989), 42 Ohio St.3d 131, 538 N.E.2d 93.
[5] Id., syllabus.
[6] Id.