DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Stewart and Dulcie Simonds appeal from the decision of the Wayne County Court of Common Pleas granting Appellee Walter Kearney, M.D. ("Dr. Kearney") summary judgment. We affirm.
 I.
On November 6, 1996, Stewart underwent carpal tunnel release surgery on his left hand. The surgery was performed by Dr. Kearney. Stewart saw Dr. Kearney on November 14, 1996 for follow-up care, and this was the final time Dr. Kearney treated Stewart for his carpal tunnel condition. Stewart suffered loss of strength and pain in his left hand after the carpal tunnel release procedure. He sought out a second opinion from Dr. Sanford in May 1997, who referred him to Dr. Culver at the Cleveland Clinic. Stewart continued to see Dr. Kearney for other medical procedures. Dr. Kearney removed lesions from Stewart's arm in July 1998. Dr. Kearney also removed a skin tag from Stewart's face in January 1999. Stewart has not sought treatment for any medical condition from Dr. Kearney since the January 1999 visit.
On October 27, 2000, Stewart and Dulcie filed a complaint against Dr. Kearney, alleging that Dr. Kearney negligently performed the carpal tunnel release procedure, causing permanent injury to Stewart. Dulcie filed a derivative claim based on loss of consortium. On March 23, 2001, Dr. Kearney moved for summary judgment on the grounds that their complaint was barred by the statute of limitations. The trial court granted Dr. Kearney's motion for summary judgment on June 19, 2001. This appeal followed.
 II. Assignment of Error The trial court erred when it granted summary judgment in favor of appellee since material issues of fact exist concerning the date of accrual of the statute of limitations.
In their sole assignment of error, the Simondses contend that the trial court erred when it granted summary judgment to Dr. Kearney. We disagree.
An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
Pursuant to Civil Rule 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
The statute of limitations for medical malpractice actions is set forth in R.C. 2305.11(B)(1). R.C. 2305.11(B)(1) provides, in pertinent part, "[a]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued[.]" A spouse's derivative claims are included within the one-year statute of limitations. R.C. 2305.11(D)(3) and (7). A cause of action for medical malpractice accrues and the R.C. 2305.11 limitations period begins to run upon the latter of either (1) the termination of the physician-patient relationship for that condition, or (2) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. Oliver v. Kaiser Community Health Foundation (1983),5 Ohio St.3d 111, syllabus. The occurrence of a cognizable event triggers the running of the statute of limitations under the discovery rule. Akersv. Alonzo (1992), 65 Ohio St.3d 422, 425. A cognizable event is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." Id., citing Allenius v. Thomas (1989), 42 Ohio St.3d 131,134.
Once the cognizable event occurs, the plaintiff must (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors. Flowers v.Walker (1992), 63 Ohio St.3d 546, syllabus. Thus, once a patient becomes aware of an injury, it is incumbent upon that individual to investigate his or her case completely.
In this case, Stewart's claim accrued on the latter of either (1) the date he terminated his physician-patient relationship with Dr. Kearney for carpal tunnel, or (2) when Stewart discovered or, in the exercise of reasonable care and diligence should have discovered, his resulting hand injury. It is uncontroverted that Stewart terminated the physician-patient relationship with Dr. Kearney for carpal tunnel syndrome on November 14, 1996.
In support of his motion for summary judgment, asserting that the cognizable event occurred in May 1997 at the latest, Dr. Kearney submitted an affidavit and portions of a transcript of Stewart's deposition. In opposition to Dr. Kearney's motion for summary judgment, Stewart submitted an affidavit and his deposition transcript. Stewart's deposition reveals the following facts.
After his surgery, Stewart initially experienced a tingling sensation in his left fingers. The tingling sensation was replaced with severe pain from the wrist to the fingertips and a corresponding loss of strength. This pain was completely different from the pain Stewart felt prior to the procedure. He described it as "something [he] had never experienced before." Stewart related that Dr. Kearney performed a carpal tunnel release procedure on his right hand in late 1992 or early 1993, and the only pain he felt after that procedure was at the site of the incision.[1]
Stewart visited Dr. Sanford in May 1997 for a second opinion on the condition of his left hand after Dr. Kearney instructed Stewart to be patient because the nerve regeneration would take more time. Dr. Sanford conducted a variety of tests and told Stewart that the results indicated nerve damage. Dr. Sanford referred him to Dr. Culver for further tests. Dr. Culver confirmed the nerve damage. When asked if Dr. Culver explained that the nerve may have been severed during the course of the surgery, Stewart responded, "I believe the term was injured."
Dr. Culver suggested a nerve graft as the only viable option. Stewart recalled Dr. Culver expressing reservations over the success of such a procedure because of the length of time that had elapsed since Stewart's surgery:
 [Stewart]:Dr. Culver said that due to the length of time that had elapsed it was a 50/50 deal that anything could be gained.
[Counsel]: Length of time that had elapsed since when?
[Stewart]: The surgery, Dr. Kearney's surgery.
Stewart was aware of the permanent and ongoing nature of his condition in May 1997. However, he stated that it was not until mid May of 2000 that Dr. Sanford suggested he undertake a legal evaluation of his situation.
Viewing the above evidence in a light most favorable to the Simonds, as we are required to do, we find that there remains no genuine issue of material fact and that Dr. Kearney is entitled to judgment as a matter of law. Stewart's testimony reveals that he knew something was different than his previous carpal tunnel release surgery immediately after the procedure in November 1996. Furthermore, he testified that in May 1997 Dr. Culver told him of the possibility that his nerve was injured during the prior surgery. He also stated that Dr. Culver expressed doubts over the success of any procedure to combat the nerve damage because of the length of time that had elapsed since Stewart's surgery.
Thus, the latest date for the occurrence of the cognizable event was in May 1997. Stewart's consultation with Dr. Culver should have put him on notice to thoroughly investigate to determine if an improper medical procedure, treatment, or diagnosis had taken place. See Allenius,42 Ohio St.3d at 134. It was incumbent upon Stewart at that time to determine whether his injury was the proximate result of Dr. Kearney's malpractice. The fact that Stewart was not told of the legal ramifications until May 2000 is not relevant. "[K]nowledge of facts rather than discovery of legal theories is the test." Hershberger v.Akron City Hosp. (1987), 34 Ohio St.3d 1, 5. Thus, pursuant to R.C.2305.11(B)(1), Stewart and Dulcie should have brought their actions by May 1998.
Stewart and Dulcie filed their complaint in October 2000, well after the one-year statute of limitations had run. Therefore, summary judgment was properly granted to Dr. Kearney.
The Simonds' assignment of error is overruled.
 III.
Having overruled the Simonds' sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR
[1] The carpal tunnel release procedure done on Stewart's right hand is not at issue in this case.