DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nancy Sue McGuire, appeals from the judgment of the Wayne County Court of Common Pleas which granted the motion for summary judgment of Appellees, Charles Milligan, D.O. and the Family Practice Center, Inc., and dismissed Appellant's complaint with prejudice. We reverse and remand
 {¶ 2} On May 5, 2003, Appellant filed a complaint against Appellees seeking damages for medical malpractice. Thereafter, Appellees filed their answer and a motion for summary judgment. Appellant responded in opposition and Appellees filed a reply.
 {¶ 3} On August 25, 2003, the trial court granted Appellees' motion for summary judgment and dismissed Appellant's complaint with prejudice. Appellant timely appealed and asserts one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial [c]ourt committed prejudicial error by granting [s]ummary [j]udgment where there is a material issue of fact."
 {¶ 4} In her sole assignment of error, Appellant avers that the trial court erred when granting summary judgment in favor of Appellees. More specifically, Appellant maintains that the trial court erred in its determination and that issues of material fact remain regarding the cognizable event and the reasonable care and diligence of Appellant. We agree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viockv. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial[.]" Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher,75 Ohio St.3d at 293.
 {¶ 7} Pursuant to R.C. 2305.113(A), "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." A cause of action accrues, and the limitation period begins to run, upon the latter of either (1) the termination of the physician-patient relationship for that condition, or (2) when the patient discovers or, in the exercise of reasonable care and due diligence, should have discovered, the resulting injury. Oliver v. Kaiser Community Health Found.
(1983), 5 Ohio St.3d 111, syllabus. See, also, Simonds v.Kearney, 9th Dist. No. 01CA0035, 2002-Ohio-761, at ¶ 10. Generally, the determination of when a cause of action accrues, and thereby triggers the statute of limitations, will involve a factual analysis. Shadler v. Purdy (1989), 64 Ohio App.3d 98,103.
 {¶ 8} The occurrence of a cognizable event will trigger the running of the statute of limitations under the discovery rule.Akers v. Alonzo, 65 Ohio St.3d 422, 425, 1992-Ohio-66. A cognizable event is a noteworthy occurrence "`which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place.'" Id., quotingAllenius v. Thomas (1989), 42 Ohio St.3d 131, 134. See, also,Simonds at ¶ 10. The extent of the injury need not be known in order for the cognizable event to occur. Allenius,42 Ohio St.3d at 133-134. Rather, an individual's belief that a medical professional has erred is sufficient to notify the individual of the necessity to investigate further. Id. at 134.
 {¶ 9} Once the cognizable event occurs, it is incumbent that the individual investigate the circumstances relevant to the claim and diligently pursue the possible remedies. Simonds at ¶ 11. The individual must ascertain (1) whether the injury suffered may be the proximate result of malpractice and (2) the identity of the alleged tortfeasors. Flowers v. Walker (1992),63 Ohio St.3d 546, syllabus.
 {¶ 10} In the present matter, Appellant became a patient of Appellee Milligan in March of 1997. On July 20, 2000, Appellee Milligan diagnosed Appellant with irritable bowel syndrome. It was noted in Appellant's records that she was referred to a gastrointestinal specialist, Dr. Vincent Jabour, due to the persistent "pain and bleeding from [the] bowel." The record indicates that an appointment with Dr. Jabour was made. Thereafter, Appellant terminated her patient-physician relationship with Appellees in January of 2001. She then visited Dr. Myra Mark, who in turn referred her to Dr. Mary McDonald for a colonoscopy. In June of 2002, Appellant was diagnosed with colon cancer. Appellant filed the malpractice claim against Appellees on May 5, 2003.
 {¶ 11} Appellant maintains that Appellees were negligent in their failure to diagnose her with colon cancer and also in failing to take preventive steps to protect against the cancer. Appellees assert that Appellant "knew or should have known of her potential claim against [Appellees] on or before August 22, 2000, when [Appellant] was scheduled to undergo a gastrointestinal * * * consult with Dr. Vincent Jabour[,]" and therefore she filed her complaint beyond the one-year statute of limitations. Thus, we must examine the evidence to determine when the cognizable event occurred which should have led Appellant to believe that Appellees were negligent in failing to diagnose her condition.
 {¶ 12} Appellant's medical records indicate that she was diagnosed with cervical squamous cell carcinoma in 1996. Appellees maintain that a reasonable patient exercising care and diligence would have kept an appointment for a gastrointestinal consultation after experiencing pain and bleeding of the bowel, especially if she had a history of cervical cancer. However, there was no evidence presented indicating that Appellant cancelled this appointment. In fact, Appellees state that "[i]t is unknown whether [Appellant] attended her appointment with Dr. Jabour[.]" Moreover, it is unclear whether a colonoscopy would have been performed on such date as Appellee Milligan's records merely indicate that Appellant was referred to the gastrointestinal specialist for a consultation. Consequently, we are unable to conclude that the cognizable event occurred on August 22, 2000, as there was no evidence to give credence to Appellees' contention that the appointment with Dr. Jabour was sufficient to constitute the cognizable event. Rather, based upon these facts, it appears that the cognizable event occurred in June of 2002 when Appellant was diagnosed with colon cancer. At that time, Appellant recognized that Appellees may have committed an act of malpractice and that the cancer should have been diagnosed earlier.
 {¶ 13} Accordingly, on the basis of the limited and undisputed facts presented, we conclude that the trial court incorrectly determined that a reasonable person would have been aware of the need to pursue available remedies against Appellees on the date of the scheduled consultation with Dr. Jabour. As such, we find that the court erred in its determination that the statute of limitations had expired and its subsequent granting of Appellees motion for summary judgment. Appellant's sole assignment of error is sustained.
 {¶ 14} Appellant's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and cause remanded.
Judgment reversed and cause remanded.
Carr, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Carr, P.J., Baird, J., concurs.