DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Antoinette Harrison, nka Ott, appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, James M. Burge and James M. Burge Co., L.P.A.[1]
This Court affirms.
 I. *Page 2 {¶ 2} Appellant hired James M. Burge to represent her in regard to her divorce from her husband, Kay Harrison. Burge brought in Sam Bradley as co-counsel. Appellant and her husband, Kay Harrison, were divorced on May 3, 1996.
 {¶ 3} Kay Harrison defaulted on his financial obligations to appellant as set forth in the divorce decree. Bradley continued to represent appellant in her efforts to collect from Mr. Harrison. During these proceedings, Mr. Harrison's attorney accused Bradley of malpractice. At that point, appellant obtained new counsel.
 {¶ 4} On May 21, 2003, appellant filed a malpractice action against, Sam R. Bradley, appellee, Bradley and Burge Co., L.P.A., James M. Burge Co., L.P.A., and Sam R. Bradley Co., L.P.A. Motions for summary judgment were filed on behalf of Sam R. Bradley, Sam R. Bradley Co., L.P.A., James M. Burge, and James M. Burge Co. L.P.A. The trial court denied the motion for summary judgment on behalf of Sam R. Bradley and Sam R. Bradley Co., L.P.A., and granted summary judgment in favor of James M. Burge and James M. Burge Co., L.P.A.
 {¶ 5} Appellant timely appealed the trial court's decision, setting forth one assignment of error for review. *Page 3 
 II. ASSIGNMENT OF ERROR "WHETHER A LAY CLIENT'S CONCERNS ABOUT HER ATTORNEYS' FAILURE TO ACT CAN BE LEGALLY EQUATED WITH A COGNIZABLE EVENT, AS A MATTER OF LAW, UNDER CIRCUMSTANCES THAT REVIEWING LEGAL EXPERTS FIND DO NOT CONSTITUTE MALPRACTICE, WHEN SHE HAS NO REASON TO DISTRUST HER ATTORNEYS' ADVICE BECAUSE THEY HAD NOT DISCLOSED THEIR CONFLICTS OF INTEREST TO HER, AND THE ATTORNEYS HAVE ASSURED HER THAT HER CONCERNS WOULD BE OF NO LEGAL SIGNIFICANCE?"
 {¶ 6} In her sole assignment of error, appellant argues that the trial court erred in awarding summary judgment in favor of appellee. This Court disagrees.
 {¶ 7} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. In a motion for summary judgment, the moving party initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. at 292-93. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. at 293. The nonmoving party may not rest upon the mere allegations *Page 4 
and denials in the pleadings, but instead must point to or submit some evidentiary material showing that a genuine dispute over material fact exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} In the case at bar, appellant has argued that the trial court erred when it concluded that her claim of legal malpractice was time-barred. Appellee, on the other hand, has argued that the statute of limitations had run and, as a result, the trial court properly determined that appellant's claim was time-barred.
 {¶ 10} The time within which a party must bring a cause of action for legal malpractice is governed by R.C. 2305.11(A), which states that a legal malpractice claim "shall be commenced within one year after the cause of action accrued * * *." In Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, the Supreme Court of Ohio established a two-part test to determine when the statute of limitations begins to run on a claim for legal malpractice. In Zimmie, the Court stated that:
 "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is *Page 5 
put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie, 43 Ohio St.3d at syllabus.
 {¶ 11} Thus, a "cognizable event" may occur during the course of the attorney-client relationship. Zimmie, 43 Ohio St.3d at 58. In these cases, the statute of limitations for a legal malpractice claim commences to run when the attorney-client relationship has terminated. Id.
 {¶ 12} In Omni-Food Fashion, Inc. v. Smith (1988),38 Ohio St.3d 385, paragraph two of the syllabus, the Supreme Court of Ohio directed courts to also assess the particular facts of a legal malpractice claim and make the following determinations regarding the accrual date for such a claim:
 "when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury."
 {¶ 13} In addition, the Supreme Court has made it clear, that, in an assessment of the actual occurrence and date of a cognizable event, an objective reasonable person standard of review, and not a subjective standard, is to be employed. Scovern v. Farris (Feb. 21, 1996), 9th Dist. 17352, citing Zimmie, 43 Ohio St.3d at syllabus. This test provides that "it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable *Page 6 
person that improper legal work has taken place." (Internal edits omitted.) Scovern, quoting Zimmie, 43 Ohio St.3d at 58.
 {¶ 14} Because the trial court based its decision to grant summary judgment in favor of appellee on the statute of limitations, this Court must first determine when the statute of limitations began to run on appellant's claim of legal malpractice. Based on that date, we must then determine if summary judgment was properly granted.
 {¶ 15} It is undisputed that the attorney-client relationship between appellant and appellee ended on May 3, 1996, the day appellant and her ex-husband were divorced. However, the parties do not agree as to what the cognizable event was that triggered the running of the statute of limitations.
 {¶ 16} One of appellant's complaints against appellee in this action is that he failed to locate and accurately ascertain the value of various marital assets prior to negotiating the divorce settlement. One of the items of property that appellant claimed appellee failed to account for in the settlement was a collection of show horses. In his motion for summary judgment, appellee argued that there were many cognizable events which occurred during and shortly after his representation of appellant that put her on notice that she should seek out possible remedies against him. One such cognizable event that appellee referenced in his motion for summary judgment was that appellant testified in her deposition regarding this action that about a year before she filed for divorce she became aware that her *Page 7 
husband had borrowed huge sums of money from Birmingham Metal Products ("BMP") for personal use and that he had purchased show horses for his own personal use. Appellant stated that her former husband owned "at least a dozen" horses during the term of the marriage and kept "eight or nine" of them at the marital residence and that one of the horses was worth $40,000. Appellant further averred that she knew on the day she reviewed and signed the divorce settlement that the value of the horses had not been obtained and was not included in the settlement.
 {¶ 17} Appellant also testified in her deposition that she was aware that her former husband owned boat racing equipment, boats, engines, and propellers which were not appraised, nor was their value included in the divorce settlement.
 {¶ 18} In her memorandum in response, appellant argued that the cognizable event that triggered the statute of limitations did not occur until May 29, 2002, when she was attending a deposition of her former husband and her former husband's attorney accused appellee of malpractice. To support her argument, appellant attached an affidavit wherein she stated: "I had no reason to and did not suspect that my attorneys did not do a professional job for me until I attended a deposition with Attorney Bradley and opposing counsel accused Mr. Bradley of malpractice[.]" Appellant also stated in her affidavit that she informed appellee and Mr. Bradley during their representation of her that her husband had diverted a large amount of money and labor from Birmingham Metal Products into *Page 8 
boats, horses, horse farms, trailers and equipment. The fact that appellant knew of the existence of these marital assets and knew that they were not included in the divorce settlement at the time she signed the settlement should have alerted a reasonable person that improper legal work had taken place. Therefore, appellant did not meet her reciprocal Dresher burden of showing that a genuine issue of material fact existed as to whether she had knowledge of certain marital assets, the value of which had not been included in the divorce settlement.
 {¶ 19} When determining the date of an injury for purposes of determining the start date of the statute of limitations for a legal malpractice action, this Court must make an "inquiry into the particular facts of the action." Zimmie, 43 Ohio St.3d at 57. See, also,Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1. The particular facts of the instant appeal reveal that, although appellant was not completely aware of the extent of her alleged injuries resulting from appellee's alleged malpractice on the date the parties' entered into a settlement, her knowledge of the existence of the show horses, boats, and boating equipment during the parties' marriage and her knowledge that the divorce settlement did not include these assets should have moved appellant to investigate appellee's legal representation and pursue potential remedies within a year after the finalization of the parties' divorce in 1996. See Allenius v. Thomas (1989),42 Ohio St.3d 131, 134; see, also, Zimmie, 43 Ohio St.3d at 57-58. However, appellant did not file a malpractice action against appellee until May of 2003, more than seven years after *Page 9 
the parties' divorce was final. Therefore, the trial court properly granted summary judgment in favor of appellee.
 III. {¶ 20} Appellant's sole assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to appellant.
SLABY, P. J., WHITMORE, J. CONCUR
[1] While the trial court's journal entry only references appellee Burge, it is clear that the entry was intended to include James M. Burge Co., L.P.A. *Page 1