[Cite as *Cartwright v. Akron Gen. Med. Sys.*, 2018-Ohio-938.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ERWIN CARTWRIGHT

    Appellant

    v.

AKRON GENERAL MEDICAL CENTER, et al.

    Appellee

C.A. No.    28744

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-04-1846

DECISION AND JOURNAL ENTRY

Dated: March 14, 2018

---

HENSAL, Judge.

{¶1} Erwin Cartwright appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Akron General Medical System and Dr. Todd Breaux. For the following reasons, this Court affirms.

I.

{¶2} On May 20, 2014, Dr. Breaux performed surgery on Mr. Cartwright. As part of the procedure, the doctor placed a drain, which was removed at Dr. Breaux's office on May 29, 2014. Following the removal of the drain, Mr. Cartwright experienced pain in his side and had blood in his urine, causing him to be hospitalized from June 2 to June 11, 2014. On June 11, 2015, Mr. Cartwright filed a complaint against Dr. Breaux and Akron General, alleging medical malpractice. He later dismissed the action and re-filed it in April 2016. Following discovery, Dr. Breaux moved for summary judgment, alleging that Mr. Cartwright's medical malpractice claim was barred under the one-year statute of limitations. Akron General joined in its motion.

The trial court granted summary judgment to them, concluding that Mr. Cartwright discovered his potential claim by June 2, 2014, and that he terminated his physician-patient relationship with Dr. Breaux on that day. Mr. Cartwright has appealed, assigning two errors that we will address together for ease of disposition.

## II.

### ASSIGNMENT OF ERROR I

DEFENDANTS, AKRON GENERAL AND DR. BREAUX, FAILED TO SHOW HOW SUMMARY JUDGMENT WAS PROPER AND THE COURT ERRED IN GRANTING THE SAME IN REGARDS TO THE STATUTE OF LIMITATIONS.

### ASSIGNMENT OF ERROR II

DEFENDANT, AKRON GENERAL, FAILED TO SHOW HOW SUMMARY JUDGMENT WAS PROPER AND THE COURT ERRED IN GRANTING THE SAME IN REGARDS TO AGENCY ESTOPPEL.

{¶3} Mr. Cartwright argues that the trial court incorrectly granted summary judgment to Akron General and Dr. Breaux. Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} In his first assignment of error, Mr. Cartwright argues that the trial court incorrectly determined that his claims were barred by the applicable statute of limitations. Absent an exception, medical malpractice actions must be commenced within one year after the cause of action accrued. R.C. 2305.113(A). "[A] cause of action for medical malpractice accrues * * * (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph one of the syllabus. Following a "cognizable event" that places the patient on actual or constructive awareness of the injury, the patient has a duty "to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." *Flowers v. Walker*, 63 Ohio St.3d 546 (1992), syllabus; *Allenius v. Thomas*, 42 Ohio St.3d 131 (1989), syllabus.

{¶5} Mr. Cartwright argues that he did not discover Dr. Breaux's malpractice until he was discharged from the hospital on June 11, 2014. According to Mr. Cartwright, the diagnosis he received at the time of this discharge was the cognizable event that started the running of the statute of limitations, not his initial admission to the hospital.

{¶6} At his deposition, Mr. Cartwright testified that the staff at Dr. Breaux's office improperly removed the drain that was placed during his surgery, ripping his insides in three places. The injury caused him to start bleeding out of his penis that night and later developed into an infection. He testified that it hurt from the moment that Dr. Breaux's staff finished removing the drain up until the time he returned to the hospital. He also testified that the pain from the drain removal was in his side whereas his pain from the initial surgery was in the front. He further testified that, after being readmitted to the hospital on June 2, 2014, he spoke with Dr.

Breaux and told Dr. Breaux about the mistakes Dr. Breaux and his staff had made, including the removal of the drain. He, therefore, stopped treating with Dr. Breaux on that date.

{¶7} Viewing the evidence in a light most favorable to Mr. Cartwright, we conclude that the pain and bleeding that Mr. Cartwright experienced after the removal of the drain, leading him to be readmitted to the hospital on June 2, 2014, were a cognizable event that made or should have made Mr. Cartwright aware that Dr. Breaux may have committed medical malpractice. The trial court, therefore, correctly determined that the statute of limitations on Mr. Cartwright's medical malpractice claims began to run by June 2, 2014. Because Mr. Cartwright did not file his action until June 11, 2015, the court also correctly determined that his medical malpractice claims were barred under Revised Code Section 2305.113(A). Mr. Cartwright's first assignment of error is overruled.

{¶8} In his second assignment of error, Mr. Cartwright argues that the trial court incorrectly granted summary judgment to Akron General on his respondeat superior claim. He argues that there are questions of fact regarding whether Dr. Beaux was an employee of Akron General and whether the doctor was acting within the scope of the doctor's employment at the time of his injuries.

{¶9} The trial court did not discuss the elements of a respondeat superior claim in its judgment entry. Instead, it appears to have assumed that Dr. Breaux was an employee of Akron General for summary judgment purposes. The trial court granted summary judgment to Akron General because it determined that Mr. Cartwright's respondeat superior claim was derivative of his medical malpractice claim against Dr. Breaux. It reasoned that, since Mr. Cartwright's claim against the doctor was barred under the statute of limitations, his derivative claim against Akron General was also barred. Mr. Cartwright has not argued on appeal that his claim against Akron

General was not a derivative claim. We, therefore, conclude that he has failed to establish that the trial court incorrectly granted summary judgment to Akron General on his respondeat superior claim. Mr. Cartwright's second assignment of error is overruled.

### III.

**{¶10}** Mr. Cartwright's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

DANIELLE C. KULIK, Attorney at Law, for Appellant.

ROCCO D. POTENZA, Attorney at Law, for Appellee.

DAVID M. BEST, Attorney at Law, for Appellee.

DOUGLAS G. LEAK, Attorney at Law, for Appellee.