[Cite as *Skaggs v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3140.]

| | |
|---|---|
| JASON SKAGGS | Case No. 2019-00650JD |
| Plaintiff | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On May 26, 2021, the magistrate issued a decision recommending judgment in favor of Defendant. On June 10, 2021, Plaintiff filed a document captioned "Motion to Deny This Magistrate Decision to Deny Plaintiff's Complaint". Therein, the basis of Plaintiff's request is for the Court to review the magistrate's May 26, 2021 decision and recommendation. Accordingly, the Court construes Plaintiff's filing as objections to the magistrate's decision under Civ.R. 53(D)(3)(b).[1] For the reasons set forth below, the Court adopts the magistrate's decision as its own.

**Standard of Review**

{¶2} Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶3} In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's

---

[1] Pursuant to Civ.R. 53(D)(3)(b)(i), Plaintiff's filing is untimely. Nevertheless, in the interest of justice, the Court will consider Plaintiff's objections.

decision." *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted). Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). They must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶4} Civ.R. 53(D)(3)(b)(iii) provides that "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections." Plaintiff did not provide a transcript of the evidence to support his objections or an affidavit of evidence. When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13. Accordingly, the Court accepts the magistrate's factual findings as true, and restricts its consideration of Plaintiff's objections to a review of the magistrate's legal conclusions.

**Background**

{¶5} On May 23, 2019, Plaintiff filed a complaint against Defendant seeking to recover damages for changes made to his prescription medications and injuries sustained during incidents where force was used on him while he was having seizures. The case proceeded to trial before a magistrate on the issues of liability and damages. At trial, the magistrate made the following factual findings:

> [P]rior to entering prison in 2008, he was placed on seizure medication in 2003 and has continued to take seizure medication since that time. Plaintiff stated that he suffers from grand mal seizures, complex partial seizures, and stare seizures. Plaintiff explained that when he has a seizure, he often loses control of his bodily movements and that he is unable to recall events that occurred while was suffering from his seizure.

Plaintiff stated that with the aid of his medications, Topamax and Keppra, his seizures have been controlled.

Plaintiff explained that he was transferred to the London Correctional Institution in January 2016 and began to have problems with seizures shortly thereafter. Plaintiff stated that at some point defendant's medical staff discontinued his seizure medi[c]ation. The decision to remove plaintiff from Topamax occurred on February 5, 2016, and the decision to remove plaintiff from Keppra occurred on February 9, 2016. Plaintiff's Exhibit 1. Plaintiff was gradually weened off both medi[c]ations over the next couple of months. Plaintiff testified that he began to experience frequent seizures that were witnessed by staff and other prison employees. Plaintiff believes that the medications should never have been discontinued and that by removing him from his medications, he began to have frequent seizures. Plaintiff stated that it appeared to him that defendant did not believe that his seizures were real.

Plaintiff described several incidents where he received conduct reports for his actions while he was having a seizure. Plaintiff emphasized that he has no ability to control his actions when he is having a seizure. Plaintiff testified that on April 27, 2016, he suffered a seizure, and he was unable to respond to corrections officer's orders, unable to control himself, became aggressive, and grabbed the arm of the corrections officer. In a second incident on July 3, 2016, corrections officer Baker was escorting plaintiff when plaintiff became "dead weight" and was taken to the floor. In a third incident on July 28, 2016, corrections officers Sexton and Mets found plaintiff lying down and shaking. At some point plaintiff attempted to grab Sexton by the right arm. The corrections officers grabbed plaintiff by the shoulders, placed him on the wall, attempted to place handcuffs on

him, and ordered him to comply. When plaintiff failed to comply, corrections officers deployed pepper spray. Plaintiff continued to become more aggressive until officers gained control of him. At some point plaintiff was placed in the hole (restrictive housing) with handcuffs on that plaintiff says were too tight. Plaintiff testified that his wrists were damaged by the handcuffs.

Plaintiff testified that in October 2016, his diagnosis was confirmed and defendant prescribed Depakote and Keppra. Plaintiff believes he should have been prescribed Topamax. Plaintiff acknowledged that he was never denied seizure medication and was continually provided medications; however, plaintiff believes he should have never had Topamax and Keppra removed from his prescription plan. Plaintiff also stated that Disability Rights Ohio became involved in his case and his conduct reports were amended to show that he was not breaking prison rules but that he was suffering from medical issues. Plaintiff added that he is currently on Keppra and Topamax.

Landon Khols, the health care administrator at the Allen-Oakwood Correctional Institution, testified that plaintiff is on the healthcare load for defendant. Khols examined a list of prescription medi[c]ations that plaintiff has been prescribed since 2017 and noted that dating back to March 2017 plaintiff has been consistently provided with various combinations of seizure medications, including Divalproex (Depakote), Levetiracetam (Keppra), and Carbamazepine.

{¶6} As a result, the magistrate found that Plaintiff stated a medical malpractice claim which was barred by the statute of limitations. Furthermore, the magistrate found that, even if his medical malpractice claim was timely, Plaintiff cannot prevail because he failed to present any expert witness testimony to establish the standard of care,

breach of that standard of care, and proximate care of his injuries. In his objections, Plaintiff argues that the magistrate erred when he (1) construed his claim as one for medical malpractice instead of ordinary negligence, and (2) when he found that his claim was barred by the statute of limitations. Plaintiff argues that Defendant has been engaging in ongoing negligence against him from January 2016 until 2020 by delaying and keeping him from being prescribed the correct seizure medication.

**Law and Analysis**

{¶7} A review of the magistrate's legal conclusions reveals that he neither erred in construing Plaintiff's claim as one for medical malpractice nor finding that Plaintiff's claim was barred by the statute of limitations. Indeed, if ODRC's alleged negligent acts or omissions arise in the course of medical diagnosis, care, or treatment of an inmate, then it is a claim for medical malpractice. *Foy v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 16AP-723, 2017-Ohio-1065, ¶ 23. The negligence Plaintiff alleges involves Defendant's medical staff altering Plaintiff's seizure medications, Topamax and Keppra, in February 2016. Indeed, such actions arise out of Defendant's medical diagnosis, care, or treatment of Plaintiff. Thus, the Court finds no error with the magistrate construing Plaintiff's allegations as a claim for medical malpractice.

{¶8} Additionally, Plaintiff was aware Defendant's medical staff altered his seizure medication in February 2016 and Plaintiff believes he should have always been prescribed Topamax and Keppra. Indeed, this is a cognizable event that should reasonably alert Plaintiff to pursue his remedies regarding an error in his medical care. *See Hans v. Ohio State Univ. Med. Ctr.*, 10th Dist. Franklin No. 07AP-10, 2007-Ohio-3294, ¶ 10, quoting *Allenius v. Thomas*, 42 Ohio St.3d 131, 134, 538 N.E.2d 93 (1989). Despite Plaintiff's contention that Defendant's negligence was ongoing until 2020, it is clear that Plaintiff believes Defendant began mishandling his medical treatment in 2016. Thus, the Court finds no error with the magistrate's legal finding that Plaintiff's medical malpractice claim is time-barred. *See* R.C. 2305.113(A).

{¶9} Assuming *arguendo* that the Court were to construe Plaintiff's claim as ordinary negligence, his claim would likewise be barred by the two-year statute of limitations. *See Vellky v. Kent State Univ.*, 10th Dist. Franklin No. 85AP-171, 1985 Ohio App. LEXIS 6767, 3 (Aug. 1, 1985), citing R.C. 2743.16. Generally, a cause of action for negligence accrues when the wrongful act was committed. *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87, 447 N.E.2d 727 (1983). As stated above, Plaintiff claims Defendant's discontinuation of Plaintiff's seizure medication, which led to several use-of-force incidents, occurred in 2016. Consequently, Plaintiff's May 2019 complaint cannot survive the statute of limitations. Therefore, Plaintiff's objections are OVERRULED.

{¶10} For the reasons stated above, the Court finds the magistrate properly determined the factual issues and appropriately applied the law in this case. Accordingly, the Court adopts the magistrate's decision and recommendation as its own, and judgment is rendered in favor of Defendant. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

Filed August 18, 2021
Sent to S.C. Reporter 9/13/21