JOURNAL ENTRY AND OPINION
{¶ 1} George Dobrovich et al., appeal the trial court's grant of summary judgment in favor of Kaiser Permanente. George Dobrovich argues that the trial court erred by finding that his claim was time barred based on the applicable statute of limitations. For the following reasons, we reverse and remand.
 {¶ 2} On December 5, 2001, George Dobrovich (Dobrovich), a man in his eighties, underwent an endoscopy at Kaiser Permanente (Kaiser). Soon after the procedure, Dobrovich used the restroom unattended and fell, sustaining injuries to his back, neck, head, and face. Dobrovich claimed that his injuries were proximately caused by Kaiser's negligence in allowing him to use the restroom unattended after this medical procedure. Dobrovich continues to receive treatment from Kaiser for the injuries received on December 5, 2001.
 {¶ 3} Soon after Dobrovich's fall, he contacted the law firm of Largent, Berry, Preston Jamison Co., L.P.A. On December 17, 2001, Kaiser received a letter from attorney Jeffrey Largent informing Kaiser that he represented Dobrovich in this medical negligence claim. Dobrovich did not file this action until December 1, 2003, nearly two years after sustaining the fall.
 {¶ 4} Kaiser filed a motion for summary judgment asserting that Dobrovich's case should be dismissed as the case was filed beyond the one-year statute of limitations cited in R.C. 2305.113.[1] Dobrovich filed a brief in opposition and a supplemental brief in opposition. Both parties filed reply briefs. On March 25, 2004, the trial court conducted an oral hearing on Kaiser's motion for summary judgment. At the hearing, the parties stipulated that this matter was a medical claim as defined in R.C. 2305.113(E)(3), and accordingly, the one-year statute of limitations applied pursuant to R.C. 2305.113(A). On May 11, 2004, the trial court filed a journal entry awarding summary judgment in favor of Kaiser. Dobrovich appeals, raising two assignments of error.
 {¶ 5} Because Dobrovich's two assignments of error deal with the grant of summary judgment, they will be addressed contemporaneously. Dobrovich's first and second assignments of error state:
"I. The trial court erred when it awarded summary judgment for theappellee by failing to properly recognize that the statute of limitationsfor a medical claim is one year from time of discovery or termination ofthe patient-physician relationship, whichever is later."
 "II. The trial court erred when it awarded summary judgment for theappellee denying the appellant's their constitutional right to redress forinjury as provided in Article I, Section 16 of the Ohio Constitution."
 {¶ 6} Dobrovich's first assignment of error has merit and, additionally, is dispositive.
STANDARD OF REVIEW:
 {¶ 7} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor SoccerClub, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) thereis no genuine issue of material fact, (2) the moving party is entitled tojudgment as a matter of law, and (3) reasonable minds can come to but oneconclusion and that conclusion is adverse to the nonmoving party, saidparty being entitled to have the evidence construed most strongly in hisfavor. The party moving for summary judgment bears the burden of showingthat there is no genuine issue of material fact and that it is entitledto judgment as a matter of law." (Internal citations omitted)
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
STATUTE OF LIMITATIONS:
 {¶ 9} The Ohio Revised Code in 2001 provided that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued * * *." R.C. 2305.11(B). The Ohio Supreme Court has previously determined that "the cause of action accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the reasonable exercise of care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later."Laidley v. St. Luke's Medical Center (June 3, 1999), Cuyahoga App. No. 73553, citing Oliver v. Kaiser Community Health Found (1983),5 Ohio St.3d 111. Therefore, the accrual date for a medical claim is determined by a "termination" or "discovery," whichever occurs later.Laidley, at 8.
 {¶ 10} The Ohio Supreme Court set forth the test for determining the accrual date of an injury in Hershberger v. Akron City Hospital (1987),34 Ohio St.3d 1. The Court found that, "after examining the facts of the case, the trial court must determine when the plaintiff knew or should have known of the extent and seriousness of his condition, that the condition was related to prior medical treatment, and if the condition would put a reasonable person on notice that he should seek further information about the cause of the condition." Katz v. Bahman Guyuron
(July 6, 2000), Cuyahoga App. No. 76342, citing Hershberger. The Supreme Court modified this test in Allenius v. Thomas (1989), 42 Ohio St.3d 131. The patient need not be "aware of the full extent of the injury before there is a cognizable event." Id. at 133-134. Rather, some cognizable event which has occurred is sufficient if it does or should place a reasonable patient on notice that an improper event has taken place. Id. at 134.
 {¶ 11} In the case at bar, the parties have stipulated that the matter is a medical claim as defined in R.C. 2305.113(E)(3). Additionally, they concur that the one-year statute of limitations pursuant to R.C.2305.113(A) applies in this case. Furthermore, the parties agree that the cognizable event giving rise to Dobrovich's injuries occurred on December 5, 2001. However, the parties disagree as to when that one-year period begins to run. It is Dobrovich's position that the statute of limitations has not yet begun to run as he is still treating with Kaiser for injuries received on December 5, 2001. It is Kaiser's position that the statute began to run on December 5, 2001, and expired one year later thereby barring Dobrovich's claims.
 {¶ 12} Because Dobrovich is still treating with Kaiser for his injuries, the physician-patient relationship has not terminated and the statute of limitations has not yet begun to run. Therefore, the trial court erred in finding that the statute of limitations had expired. We find this assignment of error dispositive, and, accordingly, our decision here renders the remaining assignment of error moot.
Judgment reversed and remanded for further proceedings.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., And McMonagle, J. concur.
[1] We note that R.C. 2305.11 has been recodified as R.C. 2305.113, effective as of April 11, 2003. Accordingly, even though the parties to this case cite to the former edition of this statute, this court will refer to the current edition of the statute. R.C. 2305.11 and R.C. 2305.113
are substantively similar.