OPINION
{¶ 1} Plaintiff-appellant, Edith Patterson, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Leonard R. Janis, D.P.M. ("Dr. Janis"), and defendants-appellees, Grant/Riverside Methodist Hospitals, Grant Medical Center, and OhioHealth Corporation (collectively "the OhioHealth defendants"). For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On October 7, 2003, plaintiff presented to Dr. Janis because of a painful callus on her left foot. Upon diagnosing her left foot, Dr. Janis recommended surgery, which he subsequently performed on November 19, 2003. After the surgery, plaintiff continued to follow up with Dr. Janis until May 4, 2004. On August 7, 2004, plaintiff presented to Dr. Dorothy Jones. An x-ray of plaintiff's left foot was taken at Dr. Jones's office, and Dr. Jones advised plaintiff that she had a metallic device implanted in her foot. Dr. Jones did not recommend any treatment at that point other than having the callus trimmed, which plaintiff continued to have done once a month thereafter.
 {¶ 3} On January 26, 2006, plaintiff filed the underlying lawsuit against Dr. Janis, Grant Sports Medicine, and the OhioHealth defendants. Plaintiff alleged that Dr. Janis negligently diagnosed her left foot on October 7, 2003, and that Dr. Janis negligently performed surgery on her left foot on November 19, 2003, causing her to have discomfort, pain, and emotional distress. In addition, plaintiff alleged that the other defendants are vicariously liable for the negligence of Dr. Janis.
 {¶ 4} In September 2006, Dr. Janis and the OhioHealth defendants filed motions for summary judgment as to plaintiff's claims against them. Both Dr. Janis and the OhioHealth defendants argued that plaintiff's medical malpractice claim against Dr. Janis is time-barred by the applicable statute of limitations. The OhioHealth defendants additionally argued that they are entitled to summary judgment as to plaintiff's claims against them, which sounded in vicarious liability for Dr. Janis's alleged negligence, because the negligence claim against Dr. Janis is time-barred. In October 2006, plaintiff filed a memorandum in opposition to the motions for summary judgment, wherein she argued that her claim against Dr. Janis is not time-barred by the applicable statute of limitations. *Page 3 
 {¶ 5} On February 5, 2007, the trial court filed a decision granting summary judgment in favor of Dr. Janis and the OhioHealth defendants. The trial court resolved that plaintiff's medical malpractice claim against Dr. Janis is time-barred pursuant to the applicable statute of limitations, and, on that basis, plaintiff cannot pursue her vicarious liability claims against the OhioHealth defendants. On March 28, 2007, the trial court filed a judgment entry granting the summary judgment motions of Dr. Janis and the OhioHealth defendants, and stating that there is no just reason for delay.
 {¶ 6} Plaintiff appeals from the trial court's judgment, and sets forth the following single assignment of error for our review:
 The trial court erred when it granted Defendants' summary judgment motion based on the alleged failure of Appellant to commence the underlying medical malpractice action within one year of August 7, 2004, the date upon which an alleged cognizable event within the meaning of R.C. § 2305.113(A), the applicable statute of limitations, occurred.
 {¶ 7} By her single assignment of error, plaintiff argues that the trial court erred in granting summary judgment in favor of Dr. Janis and the OhioHealth defendants. Appellate review of a trial court's granting of summary judgment is de novo. Mitnaul v. Fairmount PresbyterianChurch, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56;State ex rel. Grady v. State Emp. Relations Bd., 78 Ohio St.3d 181, 183,1997-Ohio-221. Summary judgment is a procedural device to terminate litigation, so it must be *Page 4 
awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 8} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. In other words, the burden of demonstrating an entitlement to summary judgment rests with the moving party who must direct the court's attention to properly admissible evidence which demonstrates that the nonmoving party cannot support his or her claim or defense. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial.Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 9} The central issue in this appeal is whether plaintiff's cause of action against Dr. Janis was time-barred by the applicable statute of limitations. R.C. 2305.113, which sets forth the time limitations for the filing of medical malpractice actions, provides, in pertinent part, as follows: "Except as otherwise provided in this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." R.C.2305.113(A).[1] Exactly when plaintiff's cause of action against Dr. Janis "accrued" for purposes of the statute of limitations is disputed by the parties.
 {¶ 10} The term "accrued" is not defined in the Revised Code for purposes of R.C. 2305.113. Absent a legislative definition of the term "accrued," the judiciary must determine when a cause of action accrues for purposes of the statute of limitations. See *Page 5 Girardi v. Boyles, Franklin App. No. 05AP-557, 2006-Ohio-947, citingO'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, paragraph one of the syllabus; see, also, Sayler v. Riverside United MethodistHosp., Franklin App. No. 01AP-1196, 2002-Ohio-3068, citingO'Stricker.
 {¶ 11} In Frysinger v. Leech (1987), 32 Ohio St.3d 38, the Supreme Court of Ohio held: "Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." Id. at paragraph one of the syllabus. In Hershberger v. Akron City Hosp. (1987),34 Ohio St.3d 1, and Allenius v. Thomas (1989), 42 Ohio St.3d 131, the court "set forth and clarified an analysis to determine the accrual date for a medical malpractice claim, wherein the occurrence of a `cognizable event' will trigger the running of the statute of limitations."Akers v. Alonzo, 65 Ohio St.3d 422, 425.
 {¶ 12} A "cognizable event" is defined as "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place."Allenius, at 134. Thus, if a patient believes, because of harm she has suffered, that her treating medical professional has done something wrong, such a fact is sufficient to alert a plaintiff to the necessity for investigation and pursuit of her remedies. Id., citing Graham v.Hansen (1982), 128 Cal.App.3d 965, 973. Moreover, it is unnecessary for a patient to be "aware of the full extent of the injury before there is a cognizable event." Id. at 133-134.
 {¶ 13} The issue of when a cause of action accrues was further discussed by the Supreme Court of Ohio in Flowers v. Walker (1992),63 Ohio St.3d 546, 549. In that case *Page 6 
the court noted that "constructive knowledge of facts, rather thanactual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." (Emphasis sic.) Id. Consistent with its earlier decision in Allenius, the court further reasoned that "[a] plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. * * * Rather, the `cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies." (Citation omitted.) Id. Accordingly, once the cognizable event occurs, a plaintiff must (1) determine whether the injury suffered is the proximate result of malpractice, and (2) ascertain the identity of the tortfeasor or tortfeasors. Id. at syllabus.
 {¶ 14} In this case, the trial court determined that plaintiff's August 7, 2004, visit with Dr. Jones constituted a "cognizable event" that triggered the running of the one-year statute of limitations period as per R.C. 2305.113(A). Plaintiff argues that the cognizable event did not occur on August 7, 2004, when she presented to Dr. Jones. According to plaintiff, the cognizable event occurred when Dr. Matthew DeMore informed her that Dr. Janis had performed the wrong procedure on her. In their joint appellate brief, Dr. Janis and the OhioHealth defendants argue that the trial court correctly determined that plaintiff's cause of action accrued on August 7, 2004.
 {¶ 15} Plaintiff presented to Dr. Janis in October 2003, because she was experiencing pain due to a callus located on the bottom of her left foot as well as discomfort due to the overlapping of her toe next to the big toe, over the big toe. At her deposition, plaintiff testified as to her symptoms before the surgery performed by Dr. Janis in November 2003: "I'd have to have [the callus] trimmed. It hurt me to walk on the bottom of my foot, felt like I was walking on gravel. And * * * the toe next to my big toe *Page 7 
would go over on my big toe." (Patterson depo., at 23.) Plaintiff expected that Dr. Janis would correct the problems she was having with her left foot during the surgery but not that he would put an implant in her foot or take out a bone, as demonstrated by her deposition testimony: "I thought he would straighten it out and I wouldn't have no more problems in my foot. * * * He didn't never say he was going to put an implant in my foot, and he never did tell me he was going to take a bone out of my foot." Id. at 26. When asked what her understanding was as to what would be involved in the surgery, plaintiff responded: "He was going to take that callus on the bottom of my foot and that would make my toe to go back over like it's supposed to." Id.
 {¶ 16} At her deposition, plaintiff was questioned about a document titled "Consent to Surgical or Medical Procedure." Plaintiff agreed that she signed the document, but she indicated that Dr. Janis did not verbally inform her about an implant and she did not recall reading in the consent form that the procedure involved was a "bunionectomy with implant." She further added that she did not learn of the implant until she went to another doctor.
 {¶ 17} Dr. Janis performed surgery on the foot in November 2003, and continued to care for plaintiff until May 2004. According to plaintiff's deposition testimony, she did not return to Dr. Janis after May 2004 because he did not fix the problem she had before the November 2003 surgery. Specifically, plaintiff testified as follows:
 Q. * * * You thought your treatment was done with him?
 A. Yeah. Wasn't no use me going back to him when I had the same problem I had before the operation. So why would I go back to him?
 Q. So in May of 2004 you essentially felt like he didn't fix the problem, you still had the problem, so you weren't going to go back? *Page 8 
 A. I still got the same problem.
(Patterson Depo., at 54.) Thus, because plaintiff continued to have the same problem after the surgery as she had before the surgery, she decided in May 2004 not to continue treatment with Dr. Janis.
 {¶ 18} Subsequently, plaintiff sought the treatment of Dr. Jones. Plaintiff testified that when she saw Dr. Jones in August 2004, the only problem she had was the pain on the bottom of her left foot. She further testified that "[i]t was painful, that callus. I thought the callus was gone, but it was right there — [.]" (Patterson Depo., at 42.) On August 7, 2004, plaintiff presented to Dr. Jones, and Dr. Jones informed plaintiff that she had a metallic device implanted in her left foot. According to plaintiff's deposition testimony, this was when she first learned of the implanted metallic device. Dr. Janis was the only physician that operated on plaintiff's left foot, thus, plaintiff realized that Dr. Janis implanted the metallic device. The implanting of the metallic device was contrary to plaintiff's understanding of what the surgery would entail, as outlined above.
 {¶ 19} Plaintiff testified that she began having balance problems after she saw Dr. Jones in August 2004. Plaintiff attributed the balance problems with the implanting of the metallic device, as evidenced by plaintiff's response to Dr. Janis's interrogatories:
 6. If you claim that you suffered an injury as a result of any alleged negligence by Defendant Leonard R. Janis, provide a complete description of the nature and extent of the injury attributable to the alleged negligence, the date it occurred and how it occurred.
 ANSWER: Very difficult to keep my balance and the foreign object (a metal plate) in my body has mentally paralyzed my mobility — especially since I was unaware that the metal plate was there until I was seen by another doctor. I cannot recall the exact dates, but will update this Answer when I have the requested dates. *Page 9 
 {¶ 20} We find that plaintiff's continued pain after the surgery performed by Dr. Janis, which ultimately caused her to seek treatment with a different doctor, combined with plaintiff first learning after the surgery that a metallic device had been implanted in her foot, which was contrary to her understanding of what the surgery would entail, should have placed plaintiff on notice of the need to investigate possible impropriety and to pursue any available remedies. In sum, by August 7, 2004, plaintiff was aware of facts that would have alerted a reasonable person to investigate the appropriateness of the surgery performed by Dr. Janis, and to pursue possible remedies for any injury sustained as a result of any impropriety.
 {¶ 21} Lastly, we address plaintiff's assertion in this appeal that she has pursued this action due to balance problems and not because of pain associated with the alleged negligence of Dr. Janis. Plaintiff focuses on the alleged balance problems and when those problems manifested, which was allegedly after August 7, 2004, in an attempt to support her argument that the cognizable event occurred after August 7, 2004. Plaintiff's argument is unpersuasive. It has been plaintiff's allegation throughout this litigation that Dr. Janis was negligent in performing the wrong procedure on her left foot. Plaintiff has further alleged that this negligence caused pain and balance problems. Plaintiff's complaint itself states that Dr. Janis's alleged negligent acts caused discomfort, pain, and emotional distress for her. Furthermore, unlike cases involving matters such as the delayed development of cancer resulting from exposure to a hazardous substance, see e.g. Liddell v. SCA Services of Ohio, Inc. (1994), 70 Ohio St.3d 6, this is not a situation involving a latent disease.
 {¶ 22} Based on the foregoing, we resolve that plaintiff's cause of action against Dr. Janis accrued, at the latest, on August 7, 2004. Pursuant to the applicable statute of *Page 10 
limitations, R.C. 2305.113(A), plaintiff was required to commence her medical malpractice action against Dr. Janis on or before August 7, 2005. She commenced her action against Dr. Janis on January 26, 2006. Therefore, plaintiff failed to commence her action against Dr. Janis within one year after the cause of action accrued, and plaintiff's claim against the physician is time-barred by the applicable statute of limitations. As such, the trial court did not err in granting summary judgment in favor of Dr. Janis. Additionally, because plaintiff's claims against the OhioHealth defendants sounded in vicarious liability for the alleged negligence of Dr. Janis, and because plaintiff's claim against Dr. Janis is time-barred, the trial court did not err in granting summary judgment in favor of the OhioHealth defendants.
 {¶ 23} Accordingly, plaintiff's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
[1] The statute of limitations for medical malpractice actions was previously codified in R.C. 2305.11. *Page 1