OPINION
{¶ 1} Plaintiff-appellant, Jennifer Adams ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, which dismissed appellant's complaint against defendants-appellees, Midtown Obstetrics Gynecology, Inc., and Mark S. Brown, M.D. ("Dr. Brown") (collectively, "appellees"). Because the applicable statute of *Page 2 
limitations did not bar appellant's claim for wrongful pregnancy — the only claim contained in her complaint — we reverse the judgment of the trial court.
 {¶ 2} On April 10, 2008, appellant and her husband filed a complaint against appellees. The complaint alleged that Dr. Brown performed a tubal ligation upon appellant on or about June 11, 2004, following the birth of her second child. Appellant became pregnant again, however, and gave birth to a third child on August 25, 2006. Thereafter, according to the complaint, appellant inquired about why the tubal ligation had been unsuccessful, and Dr. Brown advised her that there was a "microscopic hole in her tubes." Dr. Brown refused to perform a second tubal ligation, however, citing various medical reasons.
 {¶ 3} In 2007, appellant again became pregnant. In July 2007, Dr. Brown asked appellant if she wanted to have a second tubal ligation. Appellant questioned Dr. Brown about why he had not performed a second tubal ligation earlier.
 {¶ 4} On October 19, 2007, appellant gave birth to her fourth child. She also had a second tubal ligation. Appellant terminated her relationship with Dr. Brown in February 2008 and, thereafter, advised appellees of her intention to pursue a medical malpractice action. As noted, appellant filed her complaint on April 10, 2008.
 {¶ 5} In response to appellant's complaint, appellees filed a motion to dismiss. In it, appellees asserted that the one-year statute of limitations imposed under R.C. 2305.113(A) barred appellant's complaint because the cognizable event that triggered the one-year time period — the birth of appellant's third child — occurred in August 2006, and appellant did not file her complaint until April 2008. *Page 3 
 {¶ 6} On June 29, 2008, the trial court issued a decision granting appellees' motion. The court dismissed appellant's complaint.
 {¶ 7} Appellant appealed, and she raises the following assignments of error:
 1. Judge erred in finding that no cognizable event occurred on or about July 10, 2007 giving rise to a wrongful pregnancy cause of action.
 2. Judge erred in finding that Plaintiff failed to articulate that Defendant was guilty of negligence/omission to act as a cause of action.
 {¶ 8} We begin with appellant's second assignment of error, which asserts that the trial court erred by finding that her complaint did not allege a claim for "negligence/omission." We disagree.
 {¶ 9} As appellant asserts, Civ. R. 8(A)(1) only requires a complaint to include a "short and plain statement of the claim showing that the party is entitled to relief." Because "Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." Cincinnati v. Beretta U.S.A. Corp.,95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29.
 {¶ 10} Appellant argues that her complaint includes a claim that Dr. Brown failed to adhere to proper medical standards when he declined to perform a second tubal ligation in August 2006, a claim she became aware of in July 2007. Appellant's complaint contains a single count and states:
 17. Plaintiff hereby brings a wrongful pregnancy action against Defendants due to the failure to properly perform sterilization procedures/operations.
 18. Plaintiff hereby brings a wrongful pregnancy action against Defendants due to the failure to conduct post sterilization fertility tests. *Page 4 
 19. Plaintiff hereby brings a wrongful pregnancy action against Defendants due to the failure to properly inform the Plaintiff of the possible ineffectiveness of a sterilization operation.
 20. Plaintiff hereby brings a wrongful pregnancy action against Defendants due to the failure to properly advise Plaintiff about the possible need for contraception after a sterilization operation.
 {¶ 11} Appellant's husband also made a claim for loss of consortium.
 {¶ 12} At no point, however, does the complaint allege that Dr. Brown was negligent or otherwise committed medical malpractice by failing to inform appellant that a second tubal ligation was possible or by failing to perform a second tubal ligation. Instead, as the trial court concluded, the complaint includes only a claim for wrongful pregnancy arising from Dr. Brown's performance of the initial tubal ligation. Therefore, we overrule appellant's second assignment of error.
 {¶ 13} In her first assignment of error, appellant alleges that the trial court erred by concluding that appellant had failed to state a claim on which relief could be granted. A motion to dismiss for failure to state a claim is procedural and tests whether the complaint is sufficient. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 1992-Ohio-73. In considering a Civ. R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. State ex rel. Fuqua v. Alexander (1997),79 Ohio St.3d 206, 207, 1997-Ohio-169. Rather, the trial court may only review the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Moreover, the court must presume that all factual allegations in the complaint *Page 5 
are true and draw all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. We review de novo a judgment on a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.
 {¶ 14} Here, the trial court concluded that appellant's complaint failed to state a claim on which relief could be granted because R.C. 2305.113(A) barred the complaint. R.C. 2305.113(A) provides: "Except as otherwise provided in this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."
 {¶ 15} This court has explained that, because R.C. 2305.113 does not define the term "accrued," the judiciary must define it for these purposes. Patterson v. Janis, 10th Dist. No. 07AP-347, 2007-Ohio-6860, ¶ 10. In Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus, the Supreme Court of Ohio held that, under R.C. 2305.11(A), the predecessor to R.C. 2305.113(A), "a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." Ohio courts continue to cite this same definition of "accrued" as a beginning point when determining timeliness under R.C. 2305.113(A). See, e.g., Kubitz v.Kalb, 6th Dist. No. L-08-1061, 2008-Ohio-4129, ¶ 20; Patterson, at ¶ 11; Shade v. Bleser, 2d Dist. No. 20938, 2005-Ohio-6544, ¶ 10;Dobrovich v. Kaiser Permanente, 8th Dist. No. 84819, 2005-Ohio-2444, ¶ 9.
PGPage 6
 {¶ 16} Over many years, the Supreme Court of Ohio has clarified and provided an analysis for determining whether and when a patient discovered or should have discovered the injury, i.e., when a cognizable event has occurred. See, e.g., Akers v. Alonzo, 65 Ohio St.3d 422, 425,1992-Ohio-66; Allenius v. Thomas (1989), 42 Ohio St.3d 131, 133-34;Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, 5-6.
 {¶ 17} Before the trial court, appellees argued, and the trial court agreed, that appellant's pregnancy following the initial tubal ligation was a cognizable event for purposes of discovering whether Dr. Brown's actions relating to that procedure caused a wrongful pregnancy, the only claim stated in her complaint. Because appellant filed her complaint more than one year after this cognizable event, the court found, the complaint was untimely. The trial court did not, however, consider whether appellant's complaint was timely under the second, alternate prong of the Frysinger analysis, i.e., whether she filed her complaint within one year following the termination of the doctor-patient relationship. According to the complaint, appellant terminated her relationship with Dr. Brown in February 2008. She filed her complaint in April 2008, well within the one-year statute of limitations. AccordKubitz (holding that the medical claim at issue accrued under R.C. 2305.113(A) when the doctor-patient relationship terminated);Dobrovich (holding that the medical claim at issue had not yet accrued under R.C. 2305.113(A) because the doctor-patient relationship had not yet terminated). Therefore, based on our review de novo, we sustain appellant's first assignment of error. *Page 7 
 {¶ 18} In summary, we sustain appellant's first assignment of error and overrule her second assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings.
Judgment affirmed in part, reversed in part, and cause remanded.
KLATT and TYACK, JJ., concur. *Page 1