[Cite as *George v. Univ. of Toledo Med. Ctr.*, 2018-Ohio-719.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Frederick George, | : | |
| Plaintiff-Appellant, | : | |
| | : | **No. 17AP-559** |
| v. | : | (Ct. of Cl. No. 2016-00116) |
| University of Toledo Medical Center, | : | **(ACCELERATED CALENDAR)** |
| Defendant-Appellee. | : | |

### D E C I S I O N

### Rendered on February 27, 2018

**On brief:** *Oglesby & Oglesby*, *Danielle C. Kulik* and *Geoffrey L. Oglesby*, for appellant. **Argued:** *Danielle C. Kulik*.

**On brief:** *Michael DeWine*, Attorney General, *Anne Berry Strait* and *Stacy L. Hannan*, for appellee. **Argued:** *Stacy L. Hannan*.

### APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Frederick George, appeals the judgment of the Court of Claims of Ohio that granted summary judgment for defendant-appellee, University of Toledo Medical Center ("UT"). Because UT has established that there are no issues of material fact and that it is entitled to judgment as a matter of law based upon the expiration of the applicable statute of limitations, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2}   On March 9, 2012, George was a truck driver for Penske Logistics in Clyde, Ohio, when he injured his left shoulder while loading landing gear on his truck.  After initially receiving ineffective conservative treatment, George was referred to an orthopedic doctor for surgery.  That surgical repair did not resolve George's pain, so a second repair was performed.  The second surgery also did not resolve George's symptoms.  Therefore, George went to see Dr. Sohn, a shoulder specialist and chief of the division of sports medicine at UT.

{¶ 3}   Dr. Sohn performed another surgery on George's shoulder in an attempt to resolve his symptoms.   However, George continued to experience pain and lack of function in his left shoulder.  Therefore, Dr. Sohn recommended that George undergo a reverse total shoulder arthroplasty–a replacement of the shoulder joint in a reverse configuration.  Dr. Sohn performed that surgery in December 2013.

{¶ 4}   George continued to experience pain in his left shoulder despite the shoulder arthroplasty.   George last saw Dr. Sohn on August 5, 2014.   Dr. Sohn recommended that George seek another opinion.  George went to see Dr. Gobezie in Cleveland, Ohio.

{¶ 5}   George was first seen by Dr. Gobezie on September 16, 2014.  During that visit, Dr. Gobezie and his physician assistant examined George's left shoulder and took X-rays.   Dr. Gobezie then explained his findings to George and recommended that he perform surgery to revise the shoulder implant.  George admitted multiple times during his deposition that during this initial visit with Dr. Gobezie on September 16, 2014, Dr. Gobezie told him that his "shoulder had been butchered" and "they put the wrong stuff in your shoulder."

{¶ 6}   Dr. Gobezie operated on George's left shoulder on November 21, 2014. According to George, following that surgery George learned that he was the victim of medical malpractice based upon the previous surgery performed by Dr. Sohn.

{¶ 7}   On November 19, 2015, George filed a complaint in the Erie County Court of Common Pleas for medical negligence against UT and others.  His medical negligence claim was based upon his contention that Dr. Sohn used an improperly sized implant when he performed the reverse total shoulder replacement.  Thereafter, UT filed a motion

to dismiss the Erie County action based upon lack of subject-matter jurisdiction. In response, George voluntarily dismissed the Erie County case without prejudice and filed the instant action in the Court of Claims asserting the same claim of medical negligence against UT.

{¶ 8} After the parties conducted some discovery, UT filed a motion for summary judgment on the ground that George's complaint was barred by the applicable statute of limitations. UT also filed a second motion for summary judgment on the ground that George's expert witness was not qualified to render an opinion on the standard of care issues in the case. The trial court granted UT's summary judgment motion based upon the expiration of the applicable statute of limitations.

{¶ 9} George appeals assigning the following error:

> The court should have denied the motion for summary judgment based on the statute of limitations issue.

## LEGAL ANALYSIS

{¶ 10} Summary judgment is appropriate under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 11} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party had no

evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party cannot prevail on its claim. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 12} A medical negligence claim in the Court of Claims must be brought within one year of the date the cause of action accrued. *Theobald v. Univ. of Cincinnati*, 10th Dist. No. 09AP-269, 2009-Ohio-5204, ¶ 9; R.C. 2743.16(A). The Supreme Court of Ohio has adopted the discovery rule in determining when a cause of action for medical negligence accrues. *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111 (1983). Pursuant to this rule, a cause of action for medical negligence does not accrue until either: (1) the patient discovers or in the exercise of reasonable care and diligence should have discovered, the resulting injury; or (2) the physician-patient relationship for the condition terminates, whichever occurs later. *Akers v. Alonzo*, 65 Ohio St.3d 422 (1992), citing *Oliver* at syllabus, and *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987) at paragraph one of the syllabus.

{¶ 13} George argues that his medical negligence claim accrued when he discovered his injury, which was after the termination of his physician-patient relationship with Dr. Sohn. In determining when a patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, courts look to the occurrence of a "cognizable event" as the trigger for the commencement of the statute of limitations. *Akers* at 134. A cognizable event is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." *Allenius v. Thomas*, 42 Ohio St.3d 131, 134 (1989); *Herr v. Robinson Mem. Hosp.*, 49 Ohio St.3d 6 (1990). Therefore, the question of whether a cognizable event has occurred is viewed objectively. *Akers* at 134; *Rose v. Women's Health Clinic*, 90 Ohio App.3d 776 (11th Dist.1993).

{¶ 14} The occurrence of a cognizable event imposes upon the plaintiff a duty to: (1) determine whether the injuries suffered are the proximate result of malpractice; and (2) ascertain the identity of the tortfeasor or tortfeasors. *Flowers v. Walker*, 63 Ohio

St.3d 546 (1992) ("constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule"); *Akers* at 134. Therefore, a "plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. * * * Rather, the 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to [his] claim in order to pursue [his] remedies." *Flowers* at 549. Thus, if a patient obtains information indicating that his physician has done something wrong that may have caused him harm, such a fact is sufficient to alert the patient to the necessity for investigation and pursuit of his remedies. *Patterson v. Janis*, 10th Dist. No. 07AP-347, 2007-Ohio-6860 at ¶ 12, citing *Allenius* at 134.

{¶ 15} Here, George admitted at multiple points during his deposition that Dr. Gobezie told him during his first visit on September 16, 2014 that his "shoulder had been butchered" and "they put the wrong stuff in his shoulder" (referring to the reverse total shoulder arthroplasty performed by Dr. Sohn). (George Dep. at 51, 53.) Based upon this undisputed evidence, a reasonable jury could only conclude that George's September 16, 2014 visit with Dr. Gobezie was the cognizable event that triggered the running of the one-year statute of limitations. Therefore, George had to file his complaint on or before September 16, 2015.

{¶ 16} George filed his complaint for medical negligence against UT in the Erie County Court of Common Pleas on November 19, 2015, approximately two months after the statute of limitations had expired. Likewise, George filed his complaint in the instant case on February 17, 2016, approximately 5 months after the statute of limitations expired. Therefore, we agree with the trial court that George's medical negligence claim is time-barred.

{¶ 17} George advances two arguments to support his contention that his medical negligence clam is not time-barred. Neither argument is valid.

{¶ 18} First, George contends that his claim did not accrue until he was informed by Dr. Gobezie on November 26, 2014 that his shoulder problem was the result of medical malpractice. We disagree for the reasons previously noted. Given his ongoing symptoms, coupled with what Dr. Gobezie told George during his first visit on September 16, 2014, a reasonable jury could only conclude that this visit was the cognizable event that triggered

the commencement of the statute of limitations period.  It was unnecessary for George to know the full extent of his injury or its specific cause to trigger the commencement of the statute of limitations.  *Patterson* at ¶ 11.

{¶ 19} Second, George argues that because he filed this action in the Court of Claims less than one year after he dismissed the Erie County case, his action is timely under the savings statute.  R.C. 2305.19.[1]  We disagree.  It is well-established that the savings statute does not save a claim that was not timely commenced.  *Cristino v. Admr., Ohio Bur. of Workers' Comp.*, 10th Dist. 12AP-60, 2012-Ohio-4420, ¶ 35-38.  The savings statute has no application unless an action was timely commenced.  *Reese v. The Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163 (1983); *Boozer v. Univ. of Cincinnati School of Law*, 10th Dist. No. 05AP-1099, 2006-Ohio-2610.

{¶ 20} For these reasons, we overrule George's assignment of error, and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

———————————

[1] Although George's counsel advanced this argument during oral argument and referenced the savings statute in the statement of the case section of her brief, the argument section of appellant's brief does not contain any argument on this issue.  Exercising our discretion, we considered the argument because it is addressed in the trial court's decision.